Per Curiam.

At most, plaintiff in his assignment of errors claims that the Common Pleas Court erred in entering judgment for the defendant upon the jury verdict and that the Court of Appeals erred in affirming that judgment (1) because it is “against the weight of the evidence,” (2) because it is “contrary to law” and (3) because of conflict with Sutfin, Admr., v. Burton, 91 Ohio App., 177, and Section 951.02, Revised Code.
This court will not consider the weight of the evidence. Section 2505.31, Revised Code.
In support of the other claimed errors, plaintiff contends that he established a prima facie case. However, plaintiff’s case was submitted to the jury, so that these claims of error can be sustained only by reliance either upon error in the charge of the court as given or upon error in the failure of the court to charge as requested. In argument but not in his brief, plaintiff contended that the trial court erred in refusing to give his special request to charge No. 9. This special request is not even quoted in plaintiff’s brief in this court.' Furthermore, plaintiff contended in argument but not in his brief that there was error in the charge on contributory negligence as given. However, the brief does not even set forth the portion of the charge claimed to be erroneous. Under the circumstances, it does not appear that there is anything for this court to review. As stated in Section 2505.21, Revised Code, “errors not specifically pointed out in the record and separately argued by brief *311 may be disregarded” and “all errors assigned and briefed shall be passed upon [by] the court.”
The judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Collier and O’Neill, JJ., concur.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.